IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE D. LITTLEJOHN,

        Plaintiff,                   No. CIV S-05-0561 GEB KJM P

    vs.

CDC, et al.,

        Defendants.          <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

   While it appears plaintiff is attempting to plead inadequate medical care, possible in violation of the Eighth Amendment, the court finds the allegations in plaintiff's complaint so vague and conclusory that the complaint fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

/////

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5 there is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
8 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
9 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
12 amended complaint be complete in itself without reference to any prior pleading.  This is
13 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16 original complaint, each claim and the involvement of each defendant must be sufficiently
17 alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that:
19    1.  Plaintiff's request for leave to proceed in forma paupeis is granted;
20    2.  Plaintiff's complaint is dismissed; and
21    3.  Plaintiff is granted thirty days from the date of service of this order to file an
22 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
23 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
24 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
25 an original
26 /////

1  and two copies of the amended complaint; failure to file an amended complaint in accordance
2  with this order will result in a recommendation that this action be dismissed.
3  DATED: December 5, 2005.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

10  1
    litt0561.14